# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**03-1384**

STATE OF LOUISIANA

VERSUS

KEVIN D. FUTCH

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20014217
HONORABLE PATRICK LOUIS MICHOT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ARTHUR J. PLANCHARD
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Glenn B. Gremillion, Billy Howard Ezell and Arthur J. Planchard[*], Judges.

**AFFIRMED.**

Kenneth J. Beck
Julie Christine Tizzard
1011 Fourth St., Suite 201
Gretna, LA 70053
Counsel for Appellant
    Bankers Insurance Company

David Charles Willard
600 Jefferson St., #920
Lafayette, LA 70501
Counsel for Defendant-Appellee
    Kevin D. Futch

David Hutchins
Christopher Luke Edwards
P. O. Box 3306
Lafayette, LA 70502
Counsel for Plaintiff-Appellee
    State of Louisiana

---

[*]Judge Arthur J. Planchard, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

PLANCHARD, Judge[1].

A bond provider, Bankers Insurance Company (Bankers), appeals the trial court's denial of its motion to set aside the forfeiture of a bond it supplied to Kevin Futch.

In August 2001, Bail Bonds Unlimited, Inc., acting as agent for Bankers, posted two bonds for the release of Kevin Futch, who had been arrested. Futch failed to appear for a hearing on July 18, 2002, the bonds were forfeited and an attachment ordered. Notice was mailed to Bankers on August 15, 2002. On December 13, 2002, Bankers moved to set aside the forfeiture. The court denied the motion. Bankers appeals arguing that the State failed to show that Futch was served with notice of his court date.

Louisiana Code of Criminal Procedure article 344 provides the notice requirements in connection with the forfeiture of a bail bond:

> A. When a bail bond fixes the initial appearance date, no additional notice is required to be given to the defendant or the personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety, if the defendant appears as ordered. If a defendant fails to appear when a bail bond fixes the initial appearance date, no additional preforfeiture notice for that date is required to be given to the defendant or the personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety. The bond shall be forfeited forthwith as per R.S. 15:85.

> B. (1) When a bail bond does not fix the appearance date, and the presence is required of a person who has been released on bail, the defendant and his personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety, shall be given written notice of the time, date, and place the principal is required to appear.

> (2) The notice may be delivered to the defendant and the personal

---

[1]Judge Arthur J. Planchard, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

1

surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety by an officer designated by the court, at least two days prior to the day set for the appearance; or this notice may be mailed by United States first class mail to the defendant and his personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety, at least three days prior to the day set for the appearance. The notice shall be mailed to the defendant and his personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety to the address designated pursuant to Article 322.

(3) If the defendant appears as ordered and the proceeding is continued to a specific date, the defendant and the personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety need not be given notice of the new appearance date. If the defendant fails to appear as ordered, or the proceeding is not continued to a specific date, the personal surety or the agent or bondsman who posted the bond for the commercial surety shall be given notice of the new appearance date.

(4) Failure to give notice, as required by this Paragraph, relieves the surety from liability on a judgment of bond forfeiture for the defendant's nonappearance on that particular date.

Bankers argues that the provisions of Section B apply to invalidate the bond forfeiture because the bond did not specify a hearing date and the return on service indicated that Futch was unable to be served with notice of the July 18, 2002 hearing. However, the record shows that prior to his failure to appear in July, Futch did appear in court for a hearing on January 22, 2002. The minute entry for that date states that:

The accused was present in open court and represented by Chris Larue. The accused waived formal arraignment and entered a plea of not guilty. The court granted 15 days for filing of motion and pleadings. The court referred the accused to the indigent defender's office for the appointment of counsel.

Under these circumstances, La.Code Crim.P. art 344(B)(3) is applicable: the Defendant appeared as ordered, but the proceeding was continued to a date which was not, as far as this court can determine, specified at that time. In that case, the statute requires only that: "the personal surety or the agent or bondsman who posted the

2

bond for the commercial surety shall be given notice of the new appearance date."
Since Bankers' receipt of notice of the hearing is not contested, and since the record
contains a copy of the notice sent to the surety, we find that the notice required by the
statute was given. Accordingly, the trial court did not err in denying Bankers' motion
to set aside the bond forfeiture.

Therefore, the judgment of the trial court is affirmed. Costs of this appeal are
assessed to the Appellant, Bankers Insurance Company.

AFFIRMED.